DARREN M. HARRIS, Bar No. 190399
**HARRIS GROMBCHEVSKY LLP**
2070 Business Center Drive, Suite 285
Irvine, California 92612
(949) 387-4444 Telephone
(949) 387-4544 Facsimile
dharris@lawfirmhg.com

Attorneys for Plaintiff, JANE DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE | CASE NO.  5:25-cv-2181 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | **1)   VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983);** |
| CITY OF RIVERSIDE; HENRY VENTURA; and DOES 1 through 10, inclusive | **2)   CLAIM FOR UNREASONABLE SEIZURE OF PERSON (4th AMEND.);** |
| Defendants. | **3)   CLAIM FOR EXCESSIVE / UNREASONABLE USE OF FORCE (4th AMEND.);** |
| | ***CALIFORNIA STATE LAW CLAIMS:*** |
| | **4)   VIOLATION OF CIVIL CODE §1708.5;** |
| | **5)   BATTERY;** |
| | **6)   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND** |
| | **7)   VIOLATION OF CIVIL CODE §52.1** |
| | **JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff JANE DOE[1], and shows this honorable court the

---

[1] A pseudonym for a real individual adult female whole real name is not shown here because this is a sexual assault case.

1

COMPLAINT FOR DAMAGES

following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. §1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. As the incidents complained of in this action occurred in the CITY OF RIVERSIDE in Riverside County, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff JANE DOE, hereinafter referred to as "JANE DOE" and/or "plaintiff" and/or "plaintiff JANE DOE", is a natural person and an adult female, who, at all times complained of in this action, resided in the County of Riverside, State of California.

4. Plaintiff JANE DOE, is named by the pseudonym "JANE DOE" in this action as this action primarily involves claims that Defendant HENRY VENTURA, hereinafter referred to as "VENTURA," (A City of Riverside Police Department Officer) sexually assaulted plaintiff JANE DOE, and the publication of her true name in this action would cause her to suffer terrible public humiliation, and further severe mental and emotional pain, suffering and distress from being sexually assaulted by VENTURA during the incidents complained of in this action.

5. Plaintiff JANE DOE will directly inform the Riverside City Attorney's Office and/or defendants' counsel as to plaintiff JANE DOE'S true identity, along with her personal identifying information, so as to make sure that all defendants are fully informed as to plaintiff JANE DOE's actually identity.

6. Defendant CITY OF RIVERSIDE, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

2

COMPLAINT FOR DAMAGES

7.      Defendant VENTURA is, and at all times complained herein, was, a police officer with the CITY's Police Department.  At all times complained of herein, VENTURA was acting as an individual person under the color of state law, pursuant to his status as a police officer and a certified California peace officer and was acting in the course of and within the scope of his employment with defendant CITY[2].

8.      Defendant DOES 1 through 6, inclusive, are sworn police officers and/or Investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY, and/or otherwise employed by the CITY's Police Department, or some other law enforcement agency, who in some way committed some or all of the tortious actions and constitutional violations complained of in this action and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the CITY's Police Department or some other law enforcement agency, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and police officers and/or the Chief of Police and/or Assistant Chiefs and or other final policy making officials such as the CITY's Manager and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other

---

[2] Or some other public entity.

3

COMPLAINT FOR DAMAGES

Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the CITY and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action.

11.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

12.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and police officers and/or the Chief of Police and/or Assistant Chiefs and or other final policy making officials such as the CITY's Manager and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the CITY and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant the CITY.

13.    In addition to the above and foregoing, on May 30, 2025 Plaintiff JANE DOE filed her California Government Tort Claim for Damages with defendant CITY.

14.    On or about August 4, 2025, Defendant CITY denied plaintiff's California Government Tort Claim for Damages.

**FACTUAL BACKGROUND**

15.    On or about May 9, 2025, Plaintiff JANE DOE was driving her vehicle in the City of Riverside and was pulled over for, what appeared to be, a routine traffic stop by Defendant VENTURA, who was on duty and working as a police officer for Defendant CITY.  VENTURA asked Plaintiff about her license plate since it was from Utah.  Plaintiff told him she worked for a dealership and had left from an auction.  VENTURA asked her other questions including her name, age,

email, and where she was from.   Plaintiff answered his questions.  VENTURA then said, "You don't look like you're from here, you look like you're from somewhere fancy."  Plaintiff mentioned to VENTURA that she was planning on moving.  She also talked about her family.  She told VENTURA she resided at the Melrose Apartments.  VENTURA let her go without any citation.

16.    Plaintiff drove away from the scene of the traffic stop.

17.    Soon thereafter, Plaintiff started receiving emails from VENTURA. The emails included messages like, "Hey" and "It was nice meeting you".  He then asked her for her phone number.  Thinking it was related to professional or police-related matters, she gave it to him.  VENTURA then began calling her every day. VENTURA also called her from a police telephone line.  When Plaintiff noticed that she had two missed calls, she tried returning the calls but was not able to call back on that line. A day later, she received more calls.  The total amount of calls she received from VENTURA was approximately 30.

18.    Then, on or about May 14, 2025, Defendant VENTURA showed up to Plaintiff's apartment.  VENTURA was in his police uniform with his badge visible and his gun holstered.  VENTURA said he wanted to see her apartment.  Plaintiff said, "I guess you can see my apartment".  She showed him around the apartment. She told him that she lived with her little brother who was 21 years old with autism and her 5-year-old son.  When Plaintiff showed VENTURA her room, he kissed her and touched her inappropriately.  He also touched her vaginal area.  Plaintiff did not consent to these actions.  He tried to get her to touch his penis but she refused.

19.    Days later, Defendant VENTURA again showed up at Plaintiff's apartment door.  Waiting outside of her apartment, VENTURA telephoned her and said, "I'm outside".  She asked, "Where?" She looked out and saw VENTURA at her door in his police uniform.  She refused let him in.  She didn't want him to force himself on her again. VENTURA left the premises.

20.    A few days later, VENTURA again showed up at Plaintiff's apartment.

5

COMPLAINT FOR DAMAGES

He telephoned her and said he was at her front door. She refused to let him in, but VENTURA said, "I'm a police officer, you need to obey me". When Plaintiff opened the front door, VENTURA pushed his way into her apartment, pushed Plaintiff and forced her to her bedroom. He then kissed her, grabbed her breasts, and touched her vaginal area multiple times. He was trying to force his fingers inside of her vagina but she forcibly pulled his fingers away. He then forcibly pushed her head down to his penis and forced her to perform oral sex on him. He grabbed both of her shoulders, pushed her head down, and also pulled her hair. Plaintiff said, "No, I can't do this". She kept begging and pleading with him, "No, please I can't do this." However, VENTURA continued to put his penis in her mouth. He also grabbed her hand and placed it on his penis. He told her, "You need to listen what I tell you". He also told her, "This is normal" and "stop acting like you're scared". Plaintiff saw that he had a gun and she was scared the entire time. At no time did Plaintiff consent to VENTURA's actions.

21.     After this most recent incident, Plaintiff confided with her friends, cousins, and her boyfriend. She was scared and broke down. They all advised her to go to the hospital for a rape kit and file a police report against VENTURA.

22.     Plaintiff thereafter presented to Riverside University Health hospital in Moreno Valley for consult/treatment for the sexual assaults by VENTURA. A forensic nurse swabbed her mouth, lips, hands, and fingernails. Investigators also went to her apartment to collect evidence and take pictures. The forensic nurse told Plaintiff they went through her apartment and collected her bed sheets and clothing for DNA analysis.

23.     Plaintiff also went to the City of Riverside Police station to report the sexual assaults. The CITY detectives interviewed her and her boyfriend. Plaintiff was also shown a photo lineup and immediately identified Defendant VENTURA as the person who sexually assaulted her.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 (Unlawful / Unreasonable Seizure of Person)**

**(Against Defendant VENTURA and DOES 1 through 10, inclusive)**

24.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23, inclusive, above, as if set forth in full herein.

25.     Defendant VENTURA's actions in pushing Plaintiff JANE DOE and forcing her to her bedroom, grabbing her head and physically forcing her to orally copulate him, physically forcing her hand to touch his penis, and other actions as described above, constituted an unreasonable seizure of Plaintiff JANE DOE, in violation of her right to be free from an unreasonable seizure of her person under the Fourth Amendment to the United States Constitution.

26.     As a direct and proximate result of the actions of said Defendants VENTURA and DOES 1 through 10, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

27.     The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 (Unreasonable / Excessive Force)**

**(Against Defendant VENTURA and DOES 1 through 10, inclusive)**

28.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27, inclusive, above, as if set forth in full herein.

29.     Defendant VENTURA's actions in pushing Plaintiff JANE DOE and

7

COMPLAINT FOR DAMAGES

forcing her to her bedroom, grabbing her head and physically forcing her to orally copulate him, physically forcing her hand to touch his penis, and other actions as described above, constituted the use of excessive and unreasonable force and violence of Plaintiff JANE DOE, in violation of her right to be free from the use of excessive and unreasonable force and violence upon her person under the Fourth Amendment to the United States Constitution.

30.     As a direct and proximate result of the actions of said Defendants VENTURA and DOES 1 through 4, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

31.     The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF SUBSTANTIVE DUE PROCESS

### UNDER FOURTEENTH AMENDMENT  (42 U.S.C. § 1983)

### (Against Defendants VENTURA and DOES 1 through 10, inclusive)

32.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31, inclusive, above, as if set forth in full herein.

33.     VENTURA's actions in repeated searches involving the touching and grabbing of Plaintiff JANE DOE's head and physically forcing her head down onto his erect penis and physically forcing her to orally copulate him, and other actions as described above, under the circumstances described above, constituted conduct that was shocking to the conscience and in violation of her right to substantive due

8

COMPLAINT FOR DAMAGES

process under the Fourteenth Amendment to the United States Constitution.

34.    As a direct and proximate result of the actions of said Defendants VENTURA and DOES 1 through 4, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

35.    The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### CALIFORNIA STATE LAW CLAIM
### VIOLATION OF CAL. CIVIL CODE § 1708.5
### (Against all Defendants)

36.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, inclusive, above, as if set forth in full herein.

37.    As alleged above, Defendants VENTURA and DOES 1 through 4, inclusive, intended to cause harmful offensive contact with Plaintiff JANE DOE by inappropriately kissing and touching her, and pushing and forcing her to her bedroom, grabbing her head and physically forcing her to orally copulate him, physically forcing her hand to touch his penis, and other actions as described above.

38.    Plaintiff JANE DOE did not consent to these actions by Defendants VENTURA and DOES 1 through 4, inclusive.

39.    Plaintiff JANE DOE was severely harmed and offended by Defendants VENTURA and DOES 1 through 4, inclusive's conduct.

40.    As shown above, during the incidents complained of above, Defendants

9

VENTURA and DOES 1 through 10, inclusive, were acting in the course of and within the scope of their employment with Defendant CITY.

41.   Defendants CITY, VENTURA and DOES 1 through 10, inclusive, are liable to Plaintiff JANE DOE for her sexual battery pursuant to Cal. Civil Code § 1708.5, and via Cal. Gov't Code §§ 815.2 and 820.

42.   As a direct and proximate result of the actions of said Defendants CITY, VENTURA and DOES 1 through 10, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

43.   The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### CALIFORNIA STATE LAW CLAIM
### BATTERY
### (Against all Defendants)

44.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45.   As alleged above, Defendants VENTURA and DOES 1 through 4, inclusive, intended to cause harmful offensive contact with Plaintiff JANE DOE by inappropriately kissing and touching her, and pushing and forcing her to her bedroom, grabbing her head and physically forcing her to orally copulate him, physically forcing her hand to touch his penis, and other actions as described above.

46.   Plaintiff JANE DOE did not consent to these actions by Defendants

10

VENTURA and DOES 1 through 4, inclusive.

47.   Plaintiff JANE DOE was severely harmed and offended by Defendants VENTURA and DOES 1 through 4, inclusive's conduct.

48.   As shown above, during the incidents complained of above, Defendants VENTURA and DOES 1 through 10, inclusive, were acting in the course of and within the scope of their employment with Defendant CITY.

49.   Defendants CITY, VENTURA and DOES 1 through 10, inclusive, are liable to Plaintiff JANE DOE for her sexual battery pursuant to Cal. Civil Code § 1708.5, and via Cal. Gov't Code §§ 815.2 and 820.

50.   As a direct and proximate result of the actions of said Defendants CITY, VENTURA and DOES 1 through 10, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

51.   The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### CALIFORNIA STATE LAW CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

52.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein.

53.   As alleged above, Defendants VENTURA and DOES 1 through 4, inclusive, intended to cause Plaintiff JANE DOE to suffer severe and extreme

emotional distress, and did cause her to suffer severe and extreme emotional distress by inappropriately kissing and touching her, and pushing and forcing her to her bedroom, grabbing her head and physically forcing her to orally copulate him, physically forcing her hand to touch his penis, and other actions as described above.

54.   Plaintiff JANE DOE did not consent to these actions by Defendants VENTURA and DOES 1 through 4, inclusive.

55.   Plaintiff JANE DOE was severely harmed and offended by Defendants VENTURA and DOES 1 through 4, inclusive's conduct.

56.    Defendants VENTURA and DOES 1 through 4, inclusive's conduct complained of above was outrageous, despicable and not the type of conduct tolerated in a civilized society.

57.   As shown above, during the incidents complained of above, Defendants VENTURA and DOES 1 through 10, inclusive, were acting in the course of and within the scope of their employment with Defendant CITY.

58.   Defendants CITY, VENTURA and DOES 1 through 10, inclusive, are liable to Plaintiff JANE DOE for her emotional distress claims pursuant to Cal. Civil Code § 1708.5, and via Cal. Gov't Code §§ 815.2 and 820.

59.   As a direct and proximate result of the actions of said Defendants CITY, VENTURA and DOES 1 through 10, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

60.    The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

COMPLAINT FOR DAMAGES

## **SEVENTH CAUSE OF ACTION**

### **CALIFORNIA STATE LAW CLAIM**

### **BANE ACT – CAL. CIVIL CODE § 52.1**

### **(Against all Defendants)**

61.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.    Defendants VENTURA and DOES 1 through 4, inclusive coerced Plaintiff JANE DOE by grabbing JANE DOE's head and physically forcing JANE DOE's head down onto defendant VENTURA's erect penis and physically forcing her to orally copulate him, and other actions as described above.

63.    Defendants VENTURA and DOES 1 through 4, inclusive coerced Plaintiff JANE DOE and also used excessive / unreasonable force upon plaintiff as described above.

64.    Plaintiff JANE DOE did not consent to those actions by these defendants, nor were any of those above-described actions by defendants complained of privileged in any way.

65.    Defendants VENTURA and DOES 1 through 4,, inclusive's actions constituted a violation of Cal. Civil Code § 52.1.

66.    As shown above, during the incidents complained of above, Defendants VENTURA and DOES 1 through 10, inclusive, were acting in the course of and within the scope of their employment with Defendant CITY.

67.    Defendants CITY, VENTURA and DOES 1 through 10, inclusive, are liable to Plaintiff JANE DOE for violation of Cal. Civil Code § 52.1 under California state law via Cal. Gov't Code §§ 815.2 and 820.

68.    As a direct and proximate result of the actions of said Defendants CITY, VENTURA and DOES 1 through 10, inclusive, complained of herein, Plaintiff JANE DOE was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2)

incurred attorney's fees and associated litigation and other related costs, and 3) incurred medical and psychological bills and costs, and other special and general damages and expenses, all in an amount to be proven at trial.

69.    The actions by these said defendants were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them (not including Defendant CITY) in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for Judgment as follows:

1. For all available general damages according to proof;
2. For all available special damages according to proof;
3. Attorneys' fees according to proof;
4. Costs of suit incurred herein;
5. For exemplary and punitive damages as to the individual defendants only; and
6.  For any other available relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

DATED:  August 20, 2025                          HARRIS GROMBCHEVSKY LLP

                                                 BY:  _____
                                                 DARREN M. HARRIS
                                                 Attorneys for Plaintiff

14

COMPLAINT FOR DAMAGES