**OFFICE OF THE CITY ATTORNEY – City of Riverside**
REBECCA L. McKEE-REIMBOLD, Interim City Attorney, SBN 279485
rmckee@riversideca.gov
NADIN S. SAID, Acting Assistant City Attorney, SBN 309802
nsaid@riversideca.gov
VICTORIA M. WYATT, Deputy City Attorney, SBN 329396
vwyatt@riversideca.gov
3750 University Avenue, Suite #250
Riverside, California 92501
Telephone (951) 826-5567

Attorneys for Defendant CITY OF RIVERSIDE,
A California charter city and municipal corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE. HENRY VENTURA; and DOES 1 through 10, inclusive<br><br>Defendants. | *CASE NO. 5:25-cv-02181-JGB-E*<br>*[Assigned to Hon. Jesus G. Bernal]*<br><br>**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY THE CASE FOR 90 DAYS PENDING THE CRIMINAL INVESTIGATION OF DEFENDANT VENTURA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Proposed Order Staying the Case]*<br><br>Date    November 24, 2025<br>Time:   9:00 a.m.<br>Dept.:  Courtroom 1 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at on November 24, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendant City of Riverside, A California charter

1

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

city and municipal corporation, will and hereby does move the Court, in Courtroom 1, located at the United States Courthouse, Central District, 3470 Twelfth Street, Riverside, California 92501, for a an order staying these civil proceedings until such time as the Riverside County District Attorney's Office has completed its investigation of the subject officer-involved in claims of civil rights violation, claim for unreasonable seizure of a person, claim for excessive/unreasonable use of force, violation of Civil Code § 1708.5, battery, intentional infliction of emotional distress and violation of Civil Code § 52.1.

This motion is made following the conference of counsel as required by Local Rule 7-3, which took place on September 23, 2025, and October 21, 2025.

The motion is based on this notice, the attached memorandum of points and authorities, and the proposed order lodged herewith, all pleadings and papers on file herein, and on such other evidence and argument as the Court deems appropriate or convenient.

DATED: October 22, 2025

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY

By: *Nadin Said*
NADIN S. SAID
Attorneys for Defendant
CITY OF RIVERSIDE

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

2

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

**TABLE CONTENTS**

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF LAW........................................................................................3

   A.   Stay Is Necessary To Protect The Integrity Of An Ongoing Criminal Investigation........................................................................................3

   B.   Weighing The Factors Outlined By The Ninth Circuit In *Keating v. Office Of Thrift Supervision* Supports A Stay Of Discovery Pending Completion Of The DA's Investigation. ...................................................................................6

   C.   Potential Conflicts Of Interest Support Imposition Of A Stay, Where The Conclusion Of The DA's Review May Resolve The Conflict. ............................12

III. CONCLUSION.....................................................................................................13

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

# **TABLE OF AUTHORITIES**

Page(s)

Cases

09-05883 SI,
  2010 WL 1929498 (N.D. Cal. 2010) .................................................................. 4
12 CIV. 719 TPG,
  2012 WL 3104898 (S.D.N.Y. July 17, 2012) ................................................... 12
*Chagolla v. City of Chicago*,
  529 F. Supp. 2d 941 (N.D. Ill. 2008) ..................................................... 5, 7, 8, 9
*Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*,
  No. 15-CV-02440-GPC, 2016 WL 2868698, (S.D. Cal. May 17, 2016) ............ 2
*Dinler v. City of New York*,
  607 F.3d 923 (2d Cir. 2010) ............................................................................ 4, 5
*Federal Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir. 1989) ............................................................................... 3
*G-69 v. Degnan*,
  130 F.R.D. 326 (D.N.J. 1990) ............................................................................. 4
*In re Dep't of Inv. of City of N.Y.*,
  856 F.2d 481 (2d Cir. 1988) ................................................................................ 4
*In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*,
  562 F. Supp. 2d 876 (S.D. Tex. 2008) ................................................................ 3
*Jones v. City of Indianapolis*,
  216 F.R.D. 440 (S.D. Ind. 2003) ....................................................................... 11
*Keating v. Officer of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ................................................................. 3, 6, 9, 10
*Laws v. County of San Diego*,
  219 Cal. App. 3d 189 (1990) ............................................................................. 12
*Pacers, Inc. v. Superior Court*,
  162 Cal. App. 3d 686 (1984) ............................................................................. 10
*Petrov v. Alameda Cnty.*,
  No. 16-CV-04323-YGR, 2016 WL 6563355 (N.D. Cal. Nov. 4, 2016) ............. 2
*Stewart v. City of Pismo Beach*,
  35 Cal. App. 4th 1600 (1995) ............................................................................ 12
*United States v. Kordel*,
  397 U.S. 1 (1970) ................................................................................................ 6
*Wroth v. City of Rohnert Park*,
  No. 17-CV-05339-JST, 2018 WL 888466 (N.D. Cal. Feb. 14, 2018) ................ 2

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

Statutes

CAL. GOVT. CODE §§ 825 ....................................................................................... 12
N.Y. Gen. Mun. L. § 50–k ....................................................................................... 12

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises from allegations of civil rights violations by Plaintiff Jane Doe, against a former Riverside Police Officer that was alleged to have occurred on or about May 23, 2025. Plaintiff asserts claims for unreasonable seizure of a person, claim for excessive/unreasonable use of force, violation of Civil Code § 1708.5, battery, intentional infliction of emotional distress and violation of Civil Code § 52.1.

As background, the Riverside Police Department investigated Jane Doe's allegations made against the former police officer, Defendant Ventura. The allegations included sexual assault by a police officer. Based on those allegations and the investigation, the Riverside Police Department recommended charges for the District Attorney's review on September 11, 2025. The same facts in the criminal case that the District Attorney's office is evaluating are the facts alleged in this civil lawsuit. Currently, the Riverside County District Attorney's Office (the "DA's Office") is reviewing the evidence and allegations against Defendant Ventura. To date, no decision has been made by the handling District Attorney assigned to the matter. (See Decl. of N. Said ¶ 4.) Defendant City's counsel has regularly followed up with the District Attorney, who anticipated finality of his decision within a few weeks. (See Decl. of N. Said ¶ 5.)

Defendant Ventura to date has not been served with the Complaint. This lawsuit is still at the very early stages of litigation. If not stayed temporarily (60-90 days), the City would be forced to answer the Complaint, without an ability to assert all affirmative defenses that apply in this case, which depend heavily on the outcome of the criminal investigation. The City would also be responding to discovery that would interfere and compromise the intergrity of the Defendant Ventura's ongoing criminal investigation. Though Defendant Ventura has not been made a party to the lawsuit, Defendant City is

1

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

seeking a temporary stay because of his circumstances as a third party which this Court may consider. (See *Wroth v. City of Rohnert Park*, No. 17-CV-05339-JST, 2018 WL 888466, at *3 (N.D. Cal. Feb. 14, 2018) in a case identical to this where Court granted short stay, see also *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 15-CV-02440-GPC, 2016 WL 2868698, at *5, (S.D. Cal. May 17, 2016), where courts have found this factor salient in the *Keating* analysis where the third-parties at issue had a direct interest in the outcome of the litigation.) (See *Petrov v. Alameda Cnty.*, No. 16-CV-04323-YGR, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016).

      This would ensure that while the temporary stay is in place, Defendant Ventura is served, the criminal investigation is decided, and Defendants will then be better equipped on how to assert relevant affirmative defense in response to the Complaint and provide responses to discovery without a criminal investigation looming in the background. Defendant City expects that it will soon be served with written discovery and will certainly be requested to provide deposition testimony, including with respect to the involved officer.  Any discovery responses provided or deposition testimony given by the involved officer could be used against him in a criminal proceeding, which could create a "Catch-22" situation with the defendants.  In other words, the involved former officer would be forced to choose between exercising Fifth Amendment rights to protect his liberty interests vis-à-vis a potential criminal action—which would, in turn, be used as a sword against him this civil action—or endangering his liberty interest by waiving his Fifth Amendment rights so that he can actively participate in discovery in this civil litigation.  This quandary could create a potential conflict of interest for the City, in the event that criminal charges are brought against the involved officer. The City would then have to decide whether it must afford a defense pursuant to the government code. The outcome of the criminal investigation would certainly lend an answer to issue, and save the City thousands should it decide that under the laws, providing a defense is not necessary.

2

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

Allowing discovery in this civil litigation to proceed concurrent with a criminal investigation imposes substantial prejudice on Defendant and the involved officer, creating a situation where civil discovery will interfere with an ongoing criminal investigation. On the other hand, a limited stay of this matter to allow the DA's Office to complete its investigation results in little, if any, prejudice to the plaintiff. Accordingly, Defendant requests that the Court impose a limited stay of 60-90 days on discovery in this action, pending the completion of the DA's Office's investigative report. This would be an extremely short stay, and Defendant City does not want to delay this lawsuit, but only stay it while the District Attorney makes a decision, which is expected to be made within the next 2-5 months.

## II.     STATEMENT OF LAW

"[A] court may decide in its discretion to stay civil proceedings . . . when the interest of justice seems [] to require such action." *Keating v. Officer of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotation marks and citations omitted). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case' and 'the extent which the defendant's fifth amendment rights are implicated.'" Id. (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989)). Where defendant's Fifth Amendment rights may be implicated, Defendant requests that the Court exercise its discretion and issue a limited stay of 60-90 days.

### A.     Stay Is Necessary To Protect The Integrity Of An Ongoing Criminal Investigation

To protect ongoing criminal investigations from interference by civil discovery, federal courts routinely employ a doctrine of federal common law that has become known as the "law enforcement privilege." *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders,* 562 F. Supp. 2d 876, 885 (S.D. Tex. 2008) ("In certain contexts, a qualified 'law enforcement privilege' to protect government files related to

3

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

an ongoing investigation has been recognized by a majority of circuits.") (internal citations omitted); *S.E.C. v. Gowrish*, C 09-05883 SI, 2010 WL 1929498, at *1 (N.D. Cal. 2010) ("The purpose of the law enforcement privilege is 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'") (citing *In re Dep't of Inv. of City of N.Y.,* 856 F.2d 481, 484 (2d Cir. 1988)). The law enforcement privilege has a rich history, and the privilege has previously manifested itself in different forms. A summary of the privilege was provided by the United States District Court for the District of New Jersey in *G-69 v. Degnan*, 130 F.R.D. 326 (D.N.J. 1990):

> The inspection of files maintained by law enforcement authorities defending a civil rights claim is, of course, controlled by federal law. The claim for such a privilege is somewhat stronger with respect to protecting evaluative opinions as contrasted with facts, with respect to protecting ongoing investigations as contrasted with closed files, with respect to protecting decisions to prosecute as contrasted with decisions not to prosecute, with respect to protecting confidential informant identities as contrasted with names of incidental witnesses, and with respect to protecting confidential law enforcement methods and tactics as contrasted with simple interview materials.

*Id.* at 332 (internal citations omitted). As noted above, the purpose of the privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *United States v. Myerson*, 856 F.2d 481; 483–84 (2d Cir.1988). "[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege applies . . . ." *Dinler v. City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). "To meet this burden, the party asserting the law

4

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

enforcement privilege must show that the [discovery sought] contain[s] information that the law enforcement privilege is intended to protect." *Id*. Once a court has determined that the law enforcement privilege applies, there is a "strong presumption against lifting the privilege." *Id.* at 945.

Here, it cannot be disputed that there is an ongoing criminal investigation and review of this matter by the DA's Office. This pending investigation and review directly implicates the weighty policy considerations that were the genesis of the federal common law privilege, i.e., (1) safeguarding the privacy of individuals involved in the investigation; (2) protecting the integrity of the investigation by preventing interference while it is ongoing; (3) preserving the confidentiality of sources in an ongoing criminal proceeding; and (4) protecting and safeguarding the integrity of the decision to either prosecute or not prosecute the case (which raises issues of comity and potential federal interference in ongoing state investigations).

These concerns are not speculative. With the criminal investigation ongoing by the Riverside County District Attorney's office, there are legitimate fears about compromising the integrity of the investigation, and, hence, the imposition of a limited stay is warranted for a number of reasons. First, a stay eliminates the need to invoke the law enforcement privilege concerning the DA's Office review. Second, the stay serves the public interest in allowing the state criminal process to reach a conclusion without fear of interference from discovery in a federal civil lawsuit. *See Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("[T]he public has an interest in ensuring that the criminal process can proceed untainted by civil litigation."). The possibility that the orderly progress of the criminal cases and investigations—particularly those involving the exact same incident at issue in the present case—will be hindered by issues that could arise from ongoing civil discovery is significant. Third, a stay would reduce the cost of litigation and avoid waste of judicial resources by avoiding what would otherwise be imminent discovery motions on this issue. Indeed,

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**

a stay would preserve this Court's judicial resources, as a denial of the instant request would likely require this Court to decide numerous discovery-related motions in the future that would not need to be filed if a stay were granted.

**B.  Weighing The Factors Outlined By The Ninth Circuit In *Keating v. Office Of Thrift Supervision* Supports A Stay Of Discovery Pending Completion Of The DA's Investigation.**

A court may use its discretion to determine whether to stay civil proceedings when the interests of justice require this action. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . . ."). In the Ninth Circuit, a multi-factor test articulated in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) is used to determine "whether to stay civil proceedings in the face of a parallel criminal proceeding." In determining whether a stay is warranted, the Ninth Circuit outlined factors a district court should consider:

> The extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324-25 (internal citations omitted).

Each of the defendant officers moved to stay proceedings in *Chagolla*'s civil case pending the resolution of all state and federal criminal proceedings and investigations

6

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

involving them. *Id.* at 944. The district court was particularly concerned with the dilemma confronted in this case, where "it is not at all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer." *Id.* at 947. The problem was not merely speculative, as the court noted:

> Four of the individual defendants are under indictment on criminal charges related directly to the matters involved in the present case, and there are ongoing criminal investigations regarding the on-the-job conduct of all of the individual defendants. **Under the circumstances, there is no question that each of the individual defendants could legitimately claim his or her Fifth Amendment privilege against self-incrimination if required to answer the complaint or discovery requests in the present case.**

*Id.* at 944-45 (emphasis added). To provide a resolution to this problem, and the adverse impact it creates on the full exercise of one's constitutional rights, the court utilized factors nearly identical to those outlined by the Ninth Circuit in *Keating* to determine the applicability of a stay:

> A court may, however, stay parallel civil litigation in these circumstances if the interests of justice require it. Determination of whether to grant a stay due to parallel criminal litigation involves balancing the interests of the plaintiff, the defendants, and the public. **The factors considered include the following non-exclusive list: whether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect of granting or denying a stay on the public interest; the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.**

*Chagolla*, 529 F. Supp. 2d at 945 (emphasis added).

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

7

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

In this case, several of these factors weigh heavily in favor of a stay. With respect to the relationship between the criminal and civil cases, as the Court in *Chagolla* noted, "[t]he close relationship between the civil and criminal matters weighs in favor of a stay." *Id.* at 945-46. Similarly, here, there can be no dispute that the criminal investigation and the civil action involve the very same set of facts and effectively constitute the same transaction or occurrence as the instant civil suit.

Another factor that favors imposition of a stay is the public interest at stake in ensuring that a criminal investigation is not tainted by parallel civil proceedings:

> The public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law via the Civil Justice Reform Act of 1990. A stay quite obviously will impair that interest. On the other hand, the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation. **The possibility that the orderly progress of the criminal cases and investigations—particularly those involving the exact same incidents at issue in the present case—will be hindered by issues that could arise from ongoing civil discovery is significant enough to be worthy of consideration.**

*Id.* at 946-47 (internal citations omitted) (emphasis added). Such reasoning is equally applicable in this case where, as noted above, a stay will safeguard the integrity of the pending criminal investigation. Finally, the Court must consider the prejudice that will result if civil discovery is allowed to proceed in the face of a pending criminal investigation. The *Chagolla* Court analyzed this factor at length:

> Any individual defendant who is forced to respond to discovery will be faced with the choice of whether to claim or waive the privilege against self-incrimination. As the Court has suggested, the likelihood is overwhelming that each of Defendants faced with that choice will claim the privilege and thereby face the risk that Chagolla will use the privilege invocation to help prove the defendant's liability. Though the law allows this, the question of whether it is fair does not yield the same answer in

8

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**


> every case.  **In the Court's experience, it is not at all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer.**  Though a person who claims the privilege in such circumstances and then has it used against him in a parallel civil case ordinarily is given the chance to explain his invocation of the privilege, the finer points of risk-aversion as it relates to criminal defense practice easily can be lost on lay jurors.  **A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy. This is, in the Court's view, a factor weighing in favor of a stay.**

*Id.* at 947 (emphasis added).  Identical concerns weigh heavily in favor of a stay in here.  Should the involved officer be forced to choose between exercising and waiving his Fifth Amendment rights, the harm would be palpable.  If the officer exercises his Fifth Amendment rights, the plaintiff could use that exercise as a sword against any defendants.  *See Keating*, 45 F.3d at 326 ("[I]t is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.").  However, if the officer waives his Fifth Amendment rights, he no longer has that Constitutional shield should any criminal charges be brought against him.

Recognizing this same quandary, the Court in *Chagolla* reached a prudential compromise—the same resolution as Defendant seeks here—and ordered that it would exercise "its discretion to stay further proceedings in the case as to the individual defendants . . . initially, for a period of four months.  At that time, the Court will reevaluate the matter based on submission by the parties regarding any developments that might warrant terminating the stay or modifying it to permit the case to proceed (in its entirely or otherwise) as to some or all of the individual defendants." *Id.* at 948.

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

A California Court of Appeal reached the same conclusion as the Court in Chagolla, relying exclusively on federal law in the process. In *Pacers, Inc. v. Superior Court,* 162 Cal. App. 3d 686 (1984), the court held that:

> Where, as here, a defendant's silence is constitutionally guaranteed, the court should weigh the parties' competing interests with a view toward accommodating the interests of both parties, if possible. An order staying discovery until expiration of the criminal statute of limitations would allow real parties to prepare their lawsuit while alleviating petitioners' difficult choice between defending either the civil or criminal case.
> **This remedy is in accord with federal practice where it has been consistently held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter.** The rationale of the federal cases is based on Fifth Amendment principles **as well as the inherent unfairness of compelling disclosure of a criminal defendant's evidence and defenses before trial.** Under these circumstances, the prosecution should not be able to obtain, through the medium of the civil proceedings, information to which it was not entitled under the criminal discovery rules. Here, although petitioners are not criminal defendants, they are nevertheless threatened with criminal prosecution. To allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness.

*Pacers,* 162 Cal. App. 3d at 690 (internal citations omitted) (emphasis added); *see Keating,* 45 F.3d at 326 ("In highly publicized cases . . . judicial and quasi-judicial decisionmakers need to be especially careful that undue consideration is not given a proceeding's impact on the public. Governmental entities are frequently aware of the need to reassure the public that they are taking prompt action in response to a crisis. In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights.").

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

10

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

Defendant submits that the case for a stay here is in line with *Chagolla* and *Pacers*. It is the Defendant's understanding that this matter was submitted for review to the DA's Office on September 11, 2025. Based on experience, the DA's Office efficiently reviews violations in Riverside County. Such investigations typically take 2-6 months, and thus Defendant is hopeful that the DA's Office's review will take no more than an additional three months. This puts the efficiency of the civil trial in prime focus, as there is only a fleeting window by which the Fifth Amendment may have applicability, which would be forced open upon a deposition notice. As the Chagolla court noted, it is not at all rare for a person "pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution." In this scenario, where the investigation is not indefinite, and where the Court can revisit the progress of the investigation by way of a status conference, Defendant submits that a limited stay is appropriate.

Furthermore, because the evidence unearthed in the criminal investigation will be preserved and will aid and focus the parties' discovery efforts in this civil action, a stay does not prejudice the plaintiffs at all. *See Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003) ("As to Plaintiff's interest in proceeding expeditiously, Plaintiff does not demonstrate irreparable harm or prejudice if the Court grants a limited stay. . . . If a limited stay is not granted, the Court finds that Defendants would be faced with an unnecessary dilemma: surrender their Fifth Amendment rights against self-incrimination, or not testify and risk the possibility of adverse inferences being taken from the assertion of these Fifth Amendment rights, or possibly even civil sanctions and/or the entry of a default judgment. A limited stay of discovery will eliminate this quandary.").

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

11

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

## C. Potential Conflicts Of Interest Support Imposition Of A Stay, Where The Conclusion Of The DA's Review May Resolve The Conflict.

A further justification for imposition of a stay is the elimination of potential conflicts of interest and sparing a public entity what may be an extreme and unnecessary expense in the form of conflict counsel. Imposing a stay to avoid a potential conflict of interest was confronted by the United States District Court for the Southern District of New York in *Muniz v. City of New York*, 12 CIV. 719 TPG, 2012 WL 3104898 (S.D.N.Y. July 17, 2012), which arose out of alleged misconduct by New York Department of Corrections officers. In seeking a discovery stay, the department argued that the results of its internal investigation "may dictate whether corporation counsel can represent the [individual] defendants. Pursuant to N.Y. Gen. Mun. L. § 50–k, corporation counsel may only represent the [individual] defendants if it determines that they were acting within the scope of their public employment, in the discharge of their duties, and in accordance with the rules and regulations of their employing agency." Id. at *1. The department argued that imposing a stay until the conclusion of its internal investigation could avoid a potential conflict of interest situation if the individual defendant employees were found to be acting within the course and scope of their employment. The Court agreed with the department and ordered a limited stay on proceedings as to the individual defendants. *Id.*

Here, under the Government Code indemnity and defense provisions involving public employees, there may be potential conflicts of interest created by an officer exercising his constitutional rights and its impact vis-à-vis vicarious liability on state law claims. *See* CAL. GOVT. CODE §§ 825; 995.2; *Stewart v. City of Pismo Beach*, 35 Cal. App. 4th 1600, 1605 (1995) ("Section 995.2, subdivision (c) appears to have been intended to allow a public entity to withdraw from the defense of an employee in conflict of interest situations because it is unreasonable to require a public entity to finance litigation directed against it."); *accord Laws v. County of San Diego*, 219 Cal.

12

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

App. 3d 189, 199-200 (1990) ("'Grounds for refusal to provide a defense; request of defense; refusal because of conflict of interest,' supplies criteria for the determination by the public entity of circumstances giving rise to a conflict of interest justifying a refusal to provide a defense to an employee or former employee."). Where, as here, a limited stay of discovery in this action alleviates this choice and the corresponding expense in a time of shrinking budgets, this factor supports the public interest in favor of a stay.

### III. CONCLUSION

Based on the foregoing, it is respectfully submitted that the Court issue an order with a limited stay of 90 days for discovery in this action pending the conclusion of the criminal investigation of the Riverside County District Attorney's Office.

DATED: October 22, 2025

Respectfully submitted,
OFFICE OF THE CITY ATTORNEY

By: *Nadin Said*
NADIN S. SAID
Attorneys for Defendant
CITY OF RIVERSIDE

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

13

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

# DECLARATION OF NADIN S. SAID

I, NADIN S. SAID, declare as follows:

1. I am licensed to practice law in the State of California and am admitted to practice before all the courts in California. I am presently employed as Acting Assistant City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE in the above-captioned lawsuit. I have personal knowledge of the things stated in this declaration and am competent to testify to them, if so called.

2. Without revealing attorney client communications, there is a direct conflict that currently exists and will in part be resolved by the outcome of the pending criminal investigation. This conflict impacts whether Defendant Ventura should be afforded an attorney pursuant to the Government Code.

3. I have spoken to plaintiff's counsel, Darren Harris, multiple times about my request for a stay. We spoke over the phone several times. He proposed that if Ventura accepted service, then he would agree to a stipulation to extend the time to file an answer. However, I do not represent Ventura and have not had contact with him. I was unable to get that stipulation, thereby necessitating this motion.

4. Whether the City asserts certain affirmative defenses will depend heavily on the outcome of the District Attorney's decision. This impacts the Answer and will cause more motions to be filed to amend the answer should the City be forced to file now.

5. I have, every two weeks, emailed the District Attorney William Robinson. He has informed me that a decision will be made in the upcoming weeks, but I have not heard back regarding the decision and continue to email him requesting an update.

///
///
///

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

1

DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF

6. I am only seeking a short, temporary stay until I know what will happen with the pending criminal case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of October, 2025, at Riverside, California.

*Nadin Said*
_____
NADIN S. SAID

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

2

**DEFENDANT CITY OF RIVERSIDE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NADIN SAID IN SUPPORT THEREOF**