UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-2181 JGB (CFEx)** | Date | November 19, 2025 |
| Title | ***Jane Doe v. City of Riverside, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING-IN-PART and DENYING-IN-PART Defendant's Motion for Stay Pending Criminal Investigation (Dkt. No. 12); and (2) VACATING the November 24, 2025, Hearing (IN CHAMBERS)**

Before the Court is Defendant City of Riverside's motion to stay the case pending a criminal investigation into Defendant Henry Ventura.  ("Motion," Dkt. No. 12.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Motion.  The November 24, 2025, hearing is **VACATED**.

## I.    BACKGROUND

On August 20, 2025, Plaintiff Jane Doe filed a complaint against Defendants City of Riverside, Henry Ventura, and Does 1-10.  ("Complaint," Dkt. No. 1.)  The Complaint alleges seven causes of action: (1) violation of civil rights under 42 U.S.C. § 1983; (2) unreasonable seizure under the Fourth Amendment; (3) excessive/unreasonable use of force under the Fourth Amendment; (4) violation of California Civil Code § 1708.5; (5) battery; (6) intentional infliction of emotion distress; and (7) violation of California Civil Code § 52.1.  (Id.)  Proof of service on Defendant City of Riverside ("Defendant" or the "City") was filed on September 11, 2025. (Dkt. No. 10.)  Service is due for Ventura by November 18, 2025.  See Fed. R. Civ. Pro. 4(m).
//
//
//

On October 22, 2025, Defendant filed this Motion.  (Mot.)  Plaintiff opposed on November 4, 2025, and filed a Request for Judicial Notice in support.[1]  ("Opposition," Dkt. No. 15; "RJN," Dkt. No. 16.)  Defendant replied on November 7, 2025, along with filing an objection to Plaintiff's RJN.  ("Reply," Dkt. No. 17; "RJN Objection," Dkt. No. 17.)

## II. LEGAL STANDARD

The Court has discretion to stay civil proceedings in favor of criminal proceedings "'when the interests of justice seem to require such action.'"  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (quoting United States v. Kordel, 391 U.S. 1, 12 n. 27 (1970)).  "The Ninth Circuit has held that a stay of civil proceedings pending the outcome of 'parallel criminal proceedings' is not required by the Constitution."  Ancier v. Egan, 2015 WL 12684466, at *1 (D. Haw. Mar. 31, 2015) (citing Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)); see also Keating, 45 F.3d at 324, 326 ("The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.") (internal citations omitted).  In deciding whether to grant a stay, a court considers "the extent to which the defendant's [F]ifth [A]mendment rights are implicated."  Keating, 45 F.3d at 324.  A court also considers the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation;  and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.  Courts apply the Keating analysis even when the party seeking the stay has not been indicted.  See Molinaro, 889 F.2d at 903; Wroth v. City of Rohnert Park, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018).  At the same time, "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened.'"  Molinaro, 889 F.2d at 903 (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980)).

---

[1] Plaintiff's RJN addresses an order filed in another district court case.  Proceedings of other courts, including orders and filings, are the proper subject of judicial notice when directly related to the case.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")  The proceedings referenced in the RJN are not directly related to this matter.  Accordingly, the the RJN is **DENIED**.  The Court notes that it may still consider the materials included in the RJN as nonbinding precedent.

Courts also apply the Keating analysis when a party seeks to stay discovery in light of an actual or potential parallel criminal proceeding. Estate of Lopez v. Suhr, 2016 WL 1639547, at *5 (N.D. Cal. Apr. 26, 2016) ("When a discovery stay is sought in light of an actual or potential parallel criminal proceeding, the Court frames its analysis of whether Defendants have met their "heavy burden" under Rule 26(c) using the framework set forth in Keating.").

## III. DISCUSSION

The City requests a stay of discovery pending an ongoing investigation into Ventura by the District Attorney. Plaintiff's case arises out of allegations of sexual assault by Ventura, a City police officer. (Mot. at 1.) After investigating Plaintiff's allegations against Ventura, the Riverside Police Department recommended charges for the District Attorney's review on September 11, 2025. (Id.) At one point in its Motion, the City represents that the District Attorney "anticipated finality of his decision within a few weeks," yet at another point, the City represents that it expects a decision "to be made within the next 2-5 months." (Id. at 1, 3.) The City also raises concerns about discovery in this case interfering with the ongoing criminal investigation, and the dilemma presented by discovery directed at Ventura who might have to decide to invoke his Fifth Amendment rights in a criminal proceeding and the adverse inference from Fifth Amendment invocations in civil cases. (See Mot. at 3-7; Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264 (9th Cir. 2000) ("While a defendant in a criminal case may constitutionally assert [his] Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment.") Finally, Defendant complains that it would be burdened by having to file an answer to Plaintiff's Complaint without the ability to assert all affirmative defenses given the pending criminal investigation. (Mot. at 1.) Yet Defendant filed its Answer the same day as its request for a stay. ("Answer," Dkt. No. 13.)

Plaintiff, on the other hand, argues that because Ventura has yet to be indicted, the Keating factors weigh against a stay. Plaintiff also argues prejudice will result from witnesses becoming unavailable or leaving the area. (Opp'n at 6.)

While the City raises several arguments about Ventura's Fifth Amendment rights, Ventura has not been served is not a party to this proceeding at this time. It is Ventura's problem—not the City's—how to balance invocation of his Fifth Amendment rights in the ongoing criminal investigation and the possible implications in the civil suit. The City itself does not argue that *it* would have problems responding to discovery, but rather that it would present issues for Ventura:

Defendant City expects that it will soon be served with written discovery and will certainly be requested to provide deposition testimony, including with respect to the involved officer. Any discovery responses provided or deposition testimony given by the involved officer *could be used against him* in a criminal proceeding, which could create a "Catch-22" situation with the defendants.

(Mot. at 2 (emphasis added.))  If Ventura wishes to seek a stay in order to protect his Fifth Amendment rights, he may simply appear in this case and do so.  In any event, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating, 45 F.3d at 326.  Although a defendant's Fifth Amendment right is "an important consideration, 'it is only one consideration to be weighed against others.'" Sec. & Exch. Comm'n v. Braslau, 2015 WL 9591482, at *2 (C.D. Cal. Dec. 29, 2015) (quoting Keating, 45 F.3d at 326).  The City's efforts to protect Ventura's Fifth Amendment rights his behalf without his appearance are not persuasive.  This consideration weighs against a stay.

At the same time, the Court is sensitive to the importance of the related criminal investigation.  First, while Ventura has yet to be indicted or charged, which typically weighs against a stay, the Riverside Police Department specifically referred charges to the District Attorney in this case, and by some accounts a decision is mere weeks away.  Unlike in Molinaro, where the FBI was merely investigating the case at the time he sought a stay, the Riverside Police Department has already investigated this case and referred it for charges.  See 889 F.2d at 901.  This case appears more akin to Chao v. Fleming, where the government "concluded that it has sufficient evidence to seek an indictment, which suggests that an indictment is not far off"; while the District Attorney has not stated such a conclusion, the Riverside Police Department at least felt that there was sufficient evidence to refer the case for prosecution.  498 F. Supp. 2d 1034, 1040 (W.D. Mich. 2007).  That is more than a mere ongoing investigation with no suggestion of impending charges.  Second, the public has an interest in the integrity of the criminal investigation in this case, which could be impeded by extensive discovery in the civil case.  "There is a strong public policy i[n] protecting the integrity of a criminal investigation where charges have not yet been filed." Townsend v. McDonnell, 2019 WL 13237088, at *2 (C.D. Cal. Mar. 20, 2019).  Notably, unlike in Townsend, the alleged victim is *Plaintiff*, not a third party.  And Plaintiff has clearly demonstrated her desire for civil proceedings to continue despite the ongoing criminal proceeding.  But Plaintiff is not the only person with an interest in a criminal investigation into sexual assault by a police office—the broader public's interest is also at stake.  The relative expediency with which criminal investigations appear to be proceeding and the importance of protecting the criminal investigation in this case weigh in favor of a stay.  Still, the City's inability to provide a consistent, concrete timeline weighs in favor of only a *short* stay.

Additionally, Plaintiff makes a somewhat conclusory statement as to prejudice, merely suggesting that it is possible witnesses could become unavailable or leave the area.  While this is not the most compelling statement of prejudice, Plaintiff plainly has an interest in the expeditious litigation of her case, and a stay of discovery would prolong the process.

The Court will not allow Plaintiff's case to be unduly delayed by a tentative and amorphous timeline on the part of the City and its District Attorney.  Considering Defendant's counsel's sworn statement that a decision by the District Attorney is expected to be only a few weeks away—and disregarding the assertion that a decision is 2-5 months away, which is inconsistent with the stay Defendant itself requests—the Court finds a 30-day stay appropriate.  In the event that the stay expires without a decision by the District Attorney, Defendant must

move the Court for an extension of the stay, if desired, and provide an update on the District Attorney's anticipated timeline for making a decision on charges.

As such, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Motion.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.  The case is stayed for 30 days from the date of this order.  Defendant must provide a status update within two days of learning that the District Attorney does or does not plan to file charges against Ventura.

**IT IS SO ORDERED.**